# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, CARMEN FEBO SAN MIGUEL, JAMES SOLOMON, JOHN GREINER, JOHN CAPOWSKI, GRETCHEN BRANDT, THOMAS RENTSCHLER, MARY ELIZABETH LAWN, LISA ISAACS, DON LANCASTER, JORDI COMAS, ROBERT SMITH, WILLIAM MARX, RICHARD MANTELL, PRISCILLA MCNULTY, THOMAS ULRICH, ROBERT MCKINSTRY, MARK LICHTY, LORRAINE PETROSKY , | : No. 159 MM 2017 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Petitioners | : <br> : <br> : <br> : |
| v. | : <br> : |
| THE COMMONWEALTH OF PENNSYLVANIA; THE PENNSYLVANIA GENERAL ASSEMBLY; THOMAS W. WOLF, IN HIS CAPACITY AS GOVERNOR OF PENNSYLVANIA; MICHAEL J. STACK III, IN HIS CAPACITY AS LIEUTENANT GOVERNOR OF PENNSYLVANIA AND PRESIDENT OF THE PENNSYLVANIA SENATE; MICHAEL C. TURZAI, IN HIS CAPACITY AS SPEAKER OF THE PENNSYLVANIA HOUSE OF REPRESENTATIVES; JOSEPH B. SCARNATI III, IN HIS CAPACITY AS PENNSYLVANIA SENATE PRESIDENT PRO TEMPORE; ROBERT TORRES, IN HIS CAPACITY AS ACTING SECRETARY OF THE COMMONWEALTH OF PENNSYLVANIA; JONATHAN M. MARKS, IN HIS CAPACITY AS COMMISSIONER OF THE BUREAU OF COMMISSIONS, ELECTIONS, AND LEGISLATION OF | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

THE PENNSYLVANIA DEPARTMENT OF   :
STATE,   :
   :
      Respondents   :


## DISSENTING OPINION


**CHIEF JUSTICE SAYLOR**

I incorporate my comments from my previous expressions in this case in support of my continuing disapproval of the extraordinary course of these proceedings. *See League of Women Voters of Pa. v. Commonwealth*, ___ Pa. ___, ___, ___ A.3d ___, ___, 2018 WL 750872, at *59-63 (Feb. 7, 2018) (Saylor, C.J., dissenting); *League of Women Voters of Pa. v. Commonwealth*, ___ Pa. ___, ___, 175 A.3d 282, 286-87 (Jan. 22, 2018) (*per curiam*) (Saylor, C.J., dissenting). The latest round includes: the submission, within the past few days, of more than a dozen sophisticated redistricting plans; the lack of an opportunity for critical evaluation by all of the parties; the adoption of a judicially created redistricting plan apparently upon advice from a political scientist who has not submitted a report as of record nor appeared as a witness in any court proceeding in this case; and the absence of an adversarial hearing to resolve factual controversies arising in the present remedial phase of this litigation. In these circumstances, the displacement to the judiciary of the political responsibility for redistricting -- which is assigned to the General Assembly by the United States Constitution -- appears to me to be unprecedented.